OPINION OF THE COURT — by the
Hon. J. CHILD.
This case comes before us by appeal from an order of the judge of probate of Franklin county, dismissing the petition of the appellant.
*378 The petition prays a revisal or re-hearing, before the Judge of probate of accounts which had been previously settled by a final decree of a full county court; and from which decree no appeal was taken.
It is the unanimous opinion of the judges of the supreme court, that such a petition, for such purposes, before such a tribunal, under such circumstances, cannot be entertained; and that the order of the judge of probate, dismissing the petition, be affirmed; as that judge alone has no power to surcharge and falsify, in this way, an account settled b.y the county court.
BRIEF 03? R. W. WEBBER, ESQ,.
In this case, R. G. Gibson and Gray Briggs, as executors of John Briggs, made a settlement with the orphans’ court of Franklin county, at the July term, 1828; at the foot of which account of settlement, they made oath. — At the August term, 1828, they applied to the county and probate court of Franklin county, for the allowance of commissions, as executors, which were allowed by said court.
At the February term, 1829, of the orphans’ court of the county of Franklin, the petitioner, Reuben G. Gibson, filed his petition in the orphans’ court of the county of Franklin, praying for a revision of said settlement, without making either the heirs and distributees, or the creditor's of John Briggs deceased, or any other persons, defendants or parties to said petition. The court refused to allow the petition; from which opinion of the court the said R. G. Gibson appealed to this court.
The counsel who represented the heirs of said John Briggs, deceased, in making said settlement, moves the court to dismiss the petition of said Gibson, upon the following grounds, to wit':
First, That the executors having made a settlement with the orphans’ court, which court had full and ample original jurisdiction to make the settlement, said settlement was conclusive upon all parties, until reversed by the chancery or supreme court, by appeal; which was not done in the time allowed by law, but the decision submitted to by all parties — see revised code, page 52, section 87; page 80, section 12.
Second, That after the county and probate court had, (by allowing commissions to the executors,) ratified the decree of the orphans’ court, said orphans’ court could not thereafter control or interfere with said set- *379 flementj- anti this court, being merely appellate in its powers, cannot do so — see acts of 1824, page 107,. sections 1 and 3.
Third, That the orphans’court could, not entertain jurisdiction of the petition filed by the petitioner, without said petition making the legatees and distributees parties; and this court cannot do so by appeal, as the parties interested ought to have been made parties,defendants to the petition, and thereby allowed the opportunity of disproving the statements contained in the petition..